# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

| | |
|---|---|
| Eugene Barry, <br><br> Plaintiff, <br> v. <br><br> Credit Protection Association, L.P., <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Eugene Barry is a natural person who resides in the City of Saint Bonifacius, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Protection Association, L.P. is a collection agency and foreign limited partnership operating from an address of 13355 Noel Road, Suite 2100, Dallas, Texas 75240, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before June 27, 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely cable television services with Mediacom in the approximate amount of $546.87.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *June 27, 2011 Collection Letter*

8. On or around June 27, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. Defendant's collection letter provided a breakdown of Plaintiff's account as follows:

| | |
|---|---|
| Service balance: | $546.87 |
| **Collection Fee:** | **$109.37** |
| Equipment at: | $439.00 |
| Total Amount Due: | $1,095.24 |

[Bold emphasis added.]

10. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

11. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

12. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

13. Defendant's collection letter also contained a large, circular seal or emblem in the background that included stars, stripes and a medal, as well as the words "OFFICIAL COLLECTION NOTICE" in the middle and around the outside of the seal, thereby falsely creating the impression that the collection of Plaintiff's alleged debt was approved or in someway affiliated with the United States government.

14. Defendant's use of this seal in its collection letter was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(1), 1692e(2) 1692e(5), 1692e(9), 1692e(10), and 1692f, amongst others.

15. The backside of Defendant's June 27, 2011 collection letter also included a validation notice as required by the FDCPA at 15 U.S.C. § 1692g.

### *July 15, 2011 Collection Letter*

16. On or around July 15, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Defendant's July 15, 2011 collection letter provided the same breakdown of Plaintiff's account as follows:

> Service balance:     $546.87
> **Collection Fee:     $109.37**
> Equipment at:        $439.00
> Total Amount Due:  $1,095.24

[Bold emphasis added.]

18. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

19. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in

violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

20. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

21. Defendant's July 15, 2011 collection letter also stated the following:

> "Be advised that the thirty (30) day validation period discussed in our first letter concerning the validity of your debt will pass within the next three (3) weeks. If you do not seek validation, we will assume that your debt is valid at the end of that period."

22. However, the backside of Defendant's July 15, 2011 collection letter contradicts this statement by providing Plaintiff with another validation notice which states that:

> ". . . unless you, within thirty days after receipt of this initial notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector."

23. By providing two separate and contradictory notices to Plaintiff regarding his right to dispute this debt, including a notice which was in and of itself contradictory within the July 15, 2011 collection letter, Defendant falsely and deceptively misstated and overshadowed Plaintiff's right to dispute this debt under the FDCPA in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(b), amongst others. *See generally Owens v. Hellmuth & Johnson, PLLC*, 550 F.Supp.2d 1060 (D. Minn. 2008).

### *August 15, 2011 Collection Letter*

24. On or around August 15, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Defendant's August 15, 2011 collection letter provided the same breakdown of Plaintiff's account as shown above with a Collection fee of $109.37.

26. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

27. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

28. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

### *August 26, 2011 Collection Letter*

29. On or around August 26, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. Defendant's August 26, 2011 collection letter provided the same breakdown of Plaintiff's account as shown above with a Collection fee of $109.37.

31. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

32. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

33. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

### *September 6, 2011 Collection Letter*

34. On or around September 6, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35. Defendant's September 6, 2011 collection letter provided the same breakdown of Plaintiff's account as shown above with a Collection fee of $109.37.

36. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

37. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

38. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

39. Defendant's collection letter also contained a large, circular seal or emblem in the background that included stars, stripes and a medal, as well as the words "OFFICIAL COLLECTION NOTICE" in the middle and around the outside of the seal, thereby falsely creating the impression that the collection of Plaintiff's alleged debt was approved or in someway affiliated with the United States government.

40. Defendant's use of this seal in its collection letter was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(1), 1692e(2) 1692e(5), 1692e(9), 1692e(10), and 1692f, amongst others.

### *September 19, 2011 Collection Letter*

41. On or around September 19, 2011, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

42. Defendant's September 19, 2011 collection letter provided the same breakdown of Plaintiff's account as shown above with a Collection fee of $109.37.

43. Defendant therefore attempted to collect a fixed 20% collection fee on the service charges incurred by Plaintiff on this alleged debt, which was an amount not authorized by agreement or otherwise permitted by law.

44. The Eighth Circuit Court of Appeals has held that percentage-based collection fees, rather than actual costs of collection, are illegal and in violation of the FDCPA. *See Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000); *Kojetin v. CU Recovery, Inc.*, 1999 WL 1847329, 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999).

45. Defendant's attempt to collect this fixed 20% collection fee on the services was therefore an unfair, false, and deceptive act in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e5, 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

46. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

**TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

50. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

# COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 13, 2011

**BARRY, SLADE & WHEATON, LLC**

By:  **s/ Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Eugene Barry, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2011.

_____
Signature